**RUSING LOPEZ & LIZARDI, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800
Facsimile: (520)529-4262
mdlammers@rllaz.com
avalentine@rllaz.com
pscalf@rllaz.com

Mark D. Lammers
State Bar No. 010335; PAN 50020
Alexander P. Valentine
State Bar No. 034902; PAN 67367
Paige E. Scalf
State Bar No. 036959; PAN 67354
*Attorneys for Plaintiff, FISBA, L.L.C.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| FISBA, L.L.C.<br><br>      Plaintiff,<br><br>vs.<br><br>JIM STATHIS<br><br>      Defendant. | NO. _____<br><br>**VERIFIED COMPLAINT**<br><br>(Assigned to Hon. _____) |

Plaintiff, FISBA, L.L.C., ("FISBA"), files this Complaint to redress the theft of its Intellectual Property by Defendant, Jim Stathis ("Stathis"), and therefore alleges:

## PARTIES

1.  FISBA, L.L.C. is organized in the State of Arizona, with its principal place of business at 6296 E. Grant Rd., Unit 150, Tucson, AZ 85712.

2.  FISBA, L.L.C.'s North American data servers are all located in Tucson, Arizona.

56810855_1

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

3.     Stathis lives in Minneapolis. He was hired to work for FISBA, LLC as a remote employee.

## JURISDICTION AND VENUE

4.     Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1331, 28 U.S.C. §1367(a). FISBA's primary causes of action include claims under 18 U.S.C. § 1836. The remainder of FISBA's claims relate to the same case or controversy, so that the exercise of supplemental jurisdiction is proper under § 1367.

5.     Personal jurisdiction over Stathis is proper in this Court. Ariz.R.Civ.Proc. 4.2(a) authorizes jurisdiction to the limits of federal due process. Stathis reached into the stream of commerce in Arizona when he sought and accepted employment with FISBA, L.L.C., a company whose only physical location is in Tucson, Arizona. His contacts with Arizona have therefore been continuous and systematic.

6.     Venue is proper in this court pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to the claim have occurred in this district. Specifically, all of FISBA's North American data servers, which contain FISBA's trade secrets and confidential information, and which Stathis accessed many times while simultaneously employed by FISBA and Focuslight, are located in Tucson, Arizona.

## FACTUAL ALLEGATIONS

### *FISBA*

7.     FISBA AG was founded in 1957 (as Altherr-Streitzel AG) in St. Gallen, Switzerland and now maintains subsidiary offices in St. Gallen, Switzerland; Tucson, Arizona; Berlin, Germany; and Shanghai, China (collectively "FISBA").

8.     In 2014, FISBA AG opened the FISBA LLC production plant in Tucson, Arizona.

9.    FISBA is one of the world's leading suppliers in the optics industry in the production and development of optical components, systems, and microsystems.

10.    FISBA products involve highly technical, proprietary components that are sought after by its competitors in the optical systems field.

11.    In this specialized market of optical systems, FISBA's production and sales are on a global scale with limited clients and multiple competitors.

12.    FISBA produces products for industrial application, the aerospace industry, defense sectors, and life-sciences activities. FISBA has also served as a subcontractor on Department of Defense contracts. Some FISBA technology is subject to International Traffic in Arms Regulations (ITAR).

13.    FISBA's products have included micro-optics for endoscopy, diode lasers, optical coating, glass optics and lenses, fast and slow axis collimator lenses, precision molding technology, video endoscopes, customizable micro-laser modules, high resolution micro-cameras, compact and multiple wavelength laser sources, image processing systems, optical trackers, thermal and night vision systems, unmanned flight and transport systems, laser range finders and target markers, multispectral and hyperspectral imaging, head-up displays, machine vision camera systems, high-precision measuring systems, and light sources, among others.

*FISBA TRADE SECRETS AND CONFIDENTIAL INFORMATION*

14.    FISBA is the leading supplier of critical components to photonic systems that enable its customers to provide high-volume material processing services to their client.

15.    Among FISBA's most important and unique products are its fast axis collimators ("FAC") for high power blue laser diodes.

16.    A collimator is a lens that organizes the travel path of photons passing through it.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

17.     A collimator improves the power and focus – and thus the functionality – of a laser diode.

18.     Blue laser diodes produce photons whose short wavelengths and high energy make them particularly useful in industrial applications that require precision copper welding and cutting.

19.     The short wavelength, high energy photons produced by blue laser diodes travel in a particularly disorganized and diffuse path. An effective collimator is therefore essential to focus those photons so that their energy can be effectively directed at its target.

20.     The high energy of blue lasers causes heating in the collimators traditionally used for lower energy lasers. The heating of the collimators changes their shape. It also alters the index of refraction of the glass comprising them. Together, these changes alter the direction and organization of the photons passing through the lens and thereby reduce the effectiveness of the laser.

21.     FISBA manufactures FACs for blue lasers out of material it calls "FISBA Blue."

22.     That material is an optical glass whose low absorption of short wavelength photons and low coefficient of thermal expansion prevent it from heating and expanding.

23.     The material can also be manipulated in a manner that supports large scale, precision production of FACs.

24.     FISBA gains a significant competitive advantage because it can manufacture, at scale, high precision, FACs that effectively focus the photons from blue laser diodes.

25.     The nature and source of that material is a carefully guarded FISBA secret. Its supplier has signed a non-disclosure agreement with FISBA. Employees are instructed not to share with client or anyone else the nature or source of material known as "FISBA Blue." FISBA requires all of its employees to sign a confidentiality agreement, in which they agree

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

not to "use, publish, disclose, appropriate or communicate directly or indirectly any . . . information which employee, in any way, have acquired or may acquire during or by reason of, employment with Employer . . . except as required in the conduct of the business of Employer or as authorized in writing by Employer." The protected information includes "technical information . . . which could give any third party an opportunity to obtain advantage over competitors who did not know such information" and "[t]rade secrets which are used by Employer, and which give it an opportunity to obtain an advantage over competitors who do not know those trade secrets" requiring employees to password protect all computers, email accounts, and server accounts. FISBA also requires all employees to password protect all computers, email accounts, and server accounts.

26.   FISBA also keeps secret its pricing methods, which ensure that it presents consistent and fair prices across its market while maintaining the best value to volume ratio across its wide variety of customer types and production-volume requirements.

27.   In order to ensure that FISBA's pricing methods remain secret and consistent, only one employee at FISBA sets prices. The methods used by that employee are not shared with other members of the sales staff.

28.   FISBA also keeps secret its costs and pricing agreements, though which pricing methods could be reverse engineered.   FISBA requires all of its employees to sign a confidentiality agreement, in which they agree not to "use, publish, disclose, appropriate or communicate directly or indirectly any . . . information which employee, in any way, have acquired or may acquire during or by reason of, employment with Employer . . . except as required in the conduct of the business of Employer or as authorized in writing by Employer." The protected information includes "cost[s]," "prices," "any other information which could give any third party an opportunity to obtain advantage over competitors who did not know such information," and "[t]rade secrets which are used by Employer, and which give it an

opportunity to obtain an advantage over competitors who do not know those trade secrets." FISBA also requires all employees to password protect all computers, email accounts, and server accounts.

29.     FISBA's customer list includes not only basic contact information, but also customer specific relationship management data, individual customer specifications, designs, and drawings, custom designed technical solutions, individual customer price information, individual customer order schedules, and other information that would not naturally occur to persons in the business and which FISBA expended substantial efforts to obtain and compile.

30.     FISBA also stores confidential information about its customers, including trade secrets, as necessary to provide products and services to them.

31.     FISBA keeps secret its customer relationship management information, customer identification, individual customer specifications, designs, and drawings, custom designed technical solutions, individual customer price information, individual customer order schedules, and other customer specific information. FISBA requires all of its employees to sign a confidentiality agreement, in which they agree not to "use, publish, disclose, appropriate or communicate directly or indirectly any . . . information which employee, in any way, have acquired or may acquire during or by reason of, employment with Employer . . . except as required in the conduct of the business of Employer or as authorized in writing by Employer." The protected information includes "[m]arketing, sales, services, cost, prices, business method, formula, product specification, planning, engineering and or technical information relating to Employer as well as customer lists and or any other information which could give any third party an opportunity to obtain advantage over competitors who did not know such information" and "[t]rade secrets which are used by Employer, and which give it an opportunity to obtain an advantage over competitors who do not know those trade secrets."

FISBA also requires all employees to password protect all computers, email accounts, and server accounts.

32.     FISBA keeps confidential its bank details and other company information by subjecting employees to a confidentiality agreement, requiring employees to password protect all computers, email accounts, and server accounts.

33.     FISBA keeps confidential leads that emerge from tradeshows, requests on the corporate website, and other sources by subjecting its employees to a confidentiality agreement, requiring employees to password protect all computers, email accounts, and server accounts.

34.     If a direct competitor obtained the source and identity of the material used to make "FISBA Blue" FACs, the methods by which FISBA sets its prices, FISBA's detailed customer information or any of its other confidential information, it would erode FISBA's customer base, reduce its market share, and force it to reduce its profit margins.

*FOCUSLIGHT*

35.     Focuslight USA, LLC is formed in the state of Delaware.

36.     Focuslight USA, LLC has its principal place of business at 1670 El Camino Real #203, Menlo Park, CA 94025.

37.     Focuslight, Inc., of which Focuslight USA, LLC is a subsidiary, has its principal place of business at 56 Zhangba 6th Road, High-Tech Zone Xi'an Shaanxi 710077 China.

38.     Focuslight USA and Focuslight, Inc. (collectively, "Focuslight") products include, among other things, diode lasers, fast and slow axis collimator lenses, optical coating, glass optics and lenses, multispectral and hyperspectral imaging, light sources and laser optics.

39.     Focuslight is one of FISBA's primary competitors.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

40.   Many of FISBA's end products are consumed in China, where the Focuslight parent company is incorporated and sells many of its products.

41.   FISBA's ability to produce fast axis collimators for blue diode lasers is one of its primary competitive advantages over Focuslight.

42.   On information and belief, Focuslight actively seeks to match FISBA's ability to produce effective fast axis collimator for blue diode lasers.

43.   FISBA's methods and algorithms that allow it to maintain consistent and fair prices across its market while maintaining the best value to volume ratio across its wide variety of customer types and production-volume requirements are one of its primary advantages against Focuslight.

44.   On information and belief, Focuslight actively seeks to match FISBA's ability to maintain consistent and fair prices across its market while maintaining the best value to volume ratio across its wide variety of customer types and production-volume requirements.

45.   On information and belief, Focuslight actively seeks to recruit FISBA's current customers.

*STATHIS*

46.   FISBA offered Stathis employment as its Sales Manager on November 13, 2018.  He began work on January 2, 2019. Stathis was allowed to work from his home in Minneapolis, MN. A true and accurate copy of the letter offering Stathis employment ("Offer Letter") is attached as **Exhibit 1**.

47.   On Nov. 27, 2018, Stathis signed the Offer Letter, which contained the following confidentiality agreement:

> Employee will not either during employment with Employer or at any time thereafter, except as required in the conduct of the business of Employer or as authorized in writing by Employer use, publish, disclose, appropriate or communicate directly or indirectly any of the following

information which employee, in any way, have acquired or may acquire during or by reason of, employment with Employer:

Marketing, sales, services, cost, prices, business method, formula, product specification, planning, engineering and or technical information relating to Employer as well as customer lists and or any other information which could give any third party an opportunity to obtain advantage over competitors who did not know such information; and

Trade secrets which are used by Employer, and which give it an opportunity to obtain an advantage over competitors who do not know those trade secrets."

48.     Upon employment, FISBA provided Stathis with a laptop and broad access to FISBA data servers.

49.     On April 20, 2022, FISBA determined that it would terminate Stathis' employment because Stathis had not been meeting performance expectations.

50.     FISBA asked Stathis to travel to Tucson for a meeting scheduled for April 26, 2022.

51.     FISBA intended to inform Stathis of the termination of his employment during that meeting.

52.     Stathis replied via email that he could not attend the meeting, or travel for FISBA, because his wife was having a medical procedure. A true and accurate copy of this email is attached hereto as **Exhibit 2**.

53.     FISBA therefore scheduled a virtual meeting with Stathis for April 26, 2022 at 7:00 a.m. PDT.

54.     In the early morning of April 26, 2022, FISBA learned from its European colleagues that Stathis was currently attending the LASER World of Photonics 2022 trade show in Munich, Germany.

**Rusing Lopez & Lizardi, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

55.     Stathis was representing Focuslight at its booth at that event; Focuslight featured Stathis' attendance in its Twitter Feed. A true and accurate copy of this post is attached hereto as **<u>Exhibit 3</u>**.

56.     Upon learning this information, FISBA immediately cut off Stathis' access to its data servers and network.

57.     Shortly thereafter, Stathis called FISBA to report problems connecting with its data servers.

58.     Stathis' request indicated to FISBA that he had his FISBA owned laptop in his possession because he needed it to access FISBA's data servers.

59.     FISBA terminated Stathis' employment during the scheduled April 26, 2022 virtual meeting which Stathis attended.

60.     As part of the termination meeting, FISBA delivered to Stathis a copy of the Offer Letter, a data release form ("Data Release"), and a termination letter ("Termination Letter"). True and Accurate copies of the Data Release and Termination Letter are attached hereto as **<u>Exhibits 4 and 5</u>**.

61.     The Termination Letter required Stathis to return all FISBA property by May 6, 2022.

62.     The Data Release required Stathis to consent to FISBA's access to of Stathis' FISBA accounts in Europe and North America.

63.     By April 30, 2022, FISBA had received neither the laptop nor any indication that it or any other personal property was being shipped.

64.     By April 30, 2022, FISBA had also not received a Signed Copy of the Data Release.

65.     On May 3, 2022, Stathis was in Barcelona, Spain, attending the MedTech Forum trade show as a Focuslight representative.

66.     At 5:30 p.m. PDT, May 3, 2022 (4:30 a.m. May 4, 2022, European Summer Time), FISBA sent Stathis a "cease and desist" letter ("Stathis Letter") via email, demanding that he immediately return the FISBA laptop to Tucson. The Stathis Letter required that Stathis send FISBA a Fed Ex or DHL tracking number and a copy of the receipt by 12:00 p.m. PDT, May 4, 2022. A true and accurate copy of the Stathis Letter is attached hereto as **Exhibit 6**.

67.     The Stathis Letter also included a certification ("Certification") that Stathis had not misused or disclosed any confidential or trade secret data. It required Stathis to send signed copies of the Certification and Data Release by 12:00 p.m. PDT, May 4, 2022. A true and accurate copy of the Certification is attached hereto as **Exhibit 7**.

68.     Stathis returned signed copies of the Certification and the Data Release within the required time.

69.     At approximately 6:45 a.m. PDT, (15:45 p.m. European Summer Time) on May 4, 2022, Stathis left a garbled voice message in which he discussed tracking numbers.

70.     Stathis did not provide a tracking number for the laptop until 2:42 p.m. PDT (23:42 p.m. European Summer Time). True and accurate copies of the email and the tracking slip it contained are attached hereto as **Exhibits 8 and 9**.

71.     The Fed Ex tracking history on the laptop indicates that it did not enter Fed Ex's possession until 15:29 p.m. European Summer Time; eleven hours after the Stathis Letter was sent. A true and accurate copy of the Fed Ex Tracking history is attached hereto as **Exhibit 10**.

72.     Stathis provided no reason for the delay in shipping the laptop or in providing a tracking number.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

73.     FISBA counsel sent copies of "cease and desist" letters to Focuslight's US and Chinese offices ("Focuslight Letter") on May 4, 2022. A true and accurate copy of the Focuslight Letter is attached hereto as **Exhibit 11**.

74.     Focuslight responded on May 6, 2022, ("Focuslight Response"), confirming that it had employed Mr. Stathis and was unaware of his continued employment relationship with FISBA. A true and accurate copy of the Focuslight Response is attached hereto as **Exhibit 12**.

75.     The Focuslight Response indicated that Focuslight had immediately suspended Stathis' employment, discontinued his access to Focuslight's computer and communication systems, and gained physical possession of his Focuslight laptop.

76.     The Focuslight Response indicated that Focuslight would terminate Stathis' employment should it find that FISBA's allegations were true.

77.     On May 8, 2022, FISBA counsel asked Focuslight counsel via email to confirm the dates that Stathis was offered and began employment with Focuslight. Focuslight's counsel confirmed via email that Focuslight offered Mr. Stathis employment on September 12, 2021, and that he began employment with Focuslight on October 18, 2021. FISBA and Focuslight counsel met and conferred telephonically on May 10, 2022. True and accurate copies of emails between FISBA and Focuslight counsel are attached hereto as **Exhibit 13**.

78.     Stathis has accessed secret and confidential information stored on his FISBA laptop and FISBA data servers located in Switzerland and Tucson, Arizona many times since he started working for Focuslight.

79.     FISBA paid $78,339.69 in compensation and other benefits to Stathis from October 18, 2021 until April 26, 2022. A true and accurate copy of the details of FISBA's payout history to Stathis from October 18, 2021 until May 6, 2022 is attached hereto as **Exhibit 14**.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

*INFORMATION STORED ON STATHIS' LAPTOP*

80.     On information and belief, FISBA alleges that Stathis stored on his FISBA laptop drawings, data, and customer communications subject to International Traffic in Arms Regulations (ITAR).

81.     On information and belief, FISBA alleges that Stathis stored on his FISBA laptop information the source and nature of the material used to make FISBA Blue.

82.     On information and belief, FISBA alleges that Stathis stored in his FISBA laptop information about individual customer costs and prices that would allow him to reverse engineer the methods and algorithms FISBA relies on to set its prices.

83.     On information and belief, FISBA alleges that Stathis stored in his FISBA laptop information about internal cost calculations from any and all of his sales opportunities that would allow him to reverse engineer the methods and algorithms FISBA relies on to set its prices.

84.     On information and belief, FISBA alleges that Stathis stored in his FISBA laptop information about internal cost calculations from sales opportunities of other FISBA employees that would allow him to reverse engineer the methods and algorithms FISBA relies on to set its prices.

85.     On information and belief, FISBA alleges that Stathis stored on his FISBA laptop individual customer information, including customer specific relationship management data, individual customer specifications, designs, and drawings, custom designed technical solutions, individual customer price information, individual customer order schedules, and other information that would not naturally occur to persons in the business and which FISBA expended substantial efforts to obtain and compile.

86.     On information and belief, FISBA alleges that Stathis stored on his FISBA laptop individual customer agreements, including non-disclosure agreements, master service

agreements, and global pricing agreements, some of which contained confidential or trade secret information belonging to those customers.

87.     On information and belief, FISBA alleges that Stathis stored in his FISBA laptop global customer relationship management data, including opportunities, leads, and contacts.

88.     On information and belief, FISBA alleges that Stathis stored on his FISBA laptop internal communications discussing specifications, capabilities, costing, design approaches, technical solutions, process information, and other secret and confidential FISBA information.

89.     On information and belief, FISBA alleges that Stathis transferred all information stored on his laptop to other electronic devices during the six months he was simultaneously employed by FISBA and Focuslight.

## COUNT ONE: VIOLATION OF 18 U.S.C. § 1836

### Defend Trade Secrets Act

90.     FISBA repeats and re-alleges each and every allegation of the Complaint as set forth herein.

91.     FISBA keeps secret the source and nature of material used to make FISBA Blue fast axis collimators for blue laser diodes.

92.     FISBA derives a significant competitive advantage from being able to make reliable and effective fast axis collimators for blue laser diodes.

93.     If competitors, particularly Focuslight, gained access to this information, it would cause significant economic harm to FISBA.

94.     As Sales Manager for FISBA, Stathis knew the source and identity of the material used to make FISBA Blue fast axis collimators.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

95. This information would have been directly useful to Stathis in his capacity as a sale representative for Focuslight, one of FISBA's primary competitors.

96. FISBA kept secret its proprietary pricing methods, costs, and customer prices agreements.

97. FISBA's pricing methods gave it a competitive advantage because they enabled it to maintain fair and consistent prices across its market while maintaining the best value to volume ratio across its wide variety of customer types and production-volume requirements.

98. If competitors, particularly Focuslight, gained access to these methods, it would cause significant economic harm to FISBA.

99. As Sales Manager for FISBA, Stathis had access to FISBA's production costs and customer prices agreements, which he could use to reverse engineer FISBA's pricing methods.

100. All of this information would have been directly useful to Stathis in his capacity as a sale representative for Focuslight, one of FISBA's primary competitors.

101. On information and belief, FISBA alleges that as Sales Manager, Stathis accessed FISBA's costs and customer price agreements, which he used while employed for FISBA's competitor, Focuslight.

102. FISBA keeps secret its customer relationship management information, customer identification, individual customer specifications, designs, and drawings, custom designed technical solutions, individual customer price information, individual customer order schedules, and other customer specific information by subjecting its employees to a confidentiality agreement, requiring employees to password protect all computers, email accounts, and server accounts.

103. FISBA would suffer significant economic harm by release of its customer list because that list would enable a competitor such a Focuslight to direct its efforts to potential

customers with which FISBA currently maintains a relationship and target its efforts to meet the individual needs of those customers.

104. FISBA's sources and nature of material used for FISBA Blue fast axis collimators costs, methods of price setting, costs, customer price agreement, and customer information qualify for trade secret protection under 18 U.S.C. § 1839 (3) because they derive independent economic value from not being generally known and have been the subject of reasonable efforts to maintain their secrecy.

105. Stathis used improper means under 18 U.S.C. § 1839(6) to acquire this information when simultaneously employed by FISBA and Focuslight because Stathis misrepresented to each company that it was his sole employer.

106. Stathis misappropriated this information under 18 U.S.C. § 1839(B) because he acquired that information through improper means and used it during his employment with Focuslight when under a duty to FISBA to maintain its secrecy and limit its use.

107. Stathis also misappropriated FISBA's trade secrets under the doctrine of inevitable disclosure because he duplicitously served as a sales representative for both companies, which are direct competitors because they provide the same services and products for customers in the same geographic location.

108. Stathis' misappropriation of FISBA's trade secrets has damaged it in an amount to be determined at trial.

109. Stathis' misappropriation of FISBA's secrets was willful and malicious because he: 1) was under a duty to maintain their secrecy as their employee; 2) was under a duty to maintain their secrets because he had signed a contract to do so; and 3) lied to FISBA in order to deliberately conceal his relationship with Focuslight. 18 U.S.C. § 1826(b)(3)(D) entitles FISBA to recover reasonable attorneys' fees from Mr. Stathis. 18 U.S.C. § 1826(b)(3)(C) entitles FISBA to recovery up to twice the original award in exemplary damages.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

## COUNT TWO: VIOLATION OF A.R.S. § 44-401

### Arizona Uniform Trade Secrets Act

110.    FISBA repeats and re-alleges each and every allegation of the Complaint as set forth herein.

111.    FISBA keeps secret the source and nature of material used to make FISBA Blue fast axis collimators for blue laser diodes.

112.    FISBA derives a significant competitive advantage from being able to make reliable and effective fast axis collimators for blue laser diodes.

113.    If competitors, particularly Focuslight, gained access to this information, it would cause significant economic harm to FISBA.

114.    As Sales Manager for FISBA, Stathis knew the source and identity of the material used to make FISBA Blue fast axis collimators.

115.    This information would have been directly useful to Stathis in his capacity as a sale representative for Focuslight, one of FISBA's primary competitors.

116.    FISBA kept secret its proprietary pricing methods, costs, and customer prices agreements.

117.    FISBA's pricing methods gave it a competitive advantage because they enabled it to maintain fair and consistent prices across its market while maintaining the best value to volume ratio across its wide variety of customer types and production-volume requirements.

118.    If competitors, particularly Focuslight, gained access to these methods, it would cause significant economic harm to FISBA.

119.    As Sales Manager for FISBA, Stathis had access to FISBA's production costs and customer prices agreements, which he could use to reverse engineer FISBA's pricing methods.

120.    All of this information would have been directly useful to Stathis in his capacity as a sale representative for Focuslight, one of FISBA's primary competitors.

121.    On information and belief, FISBA alleges that as sales manager, Stathis accessed FISBA's costs and customer price agreements, which he used while employed by FISBA's competitor, Focuslight.

122.    FISBA keeps secret its customer relationship management information, customer identification, individual customer specifications, designs, and drawings, custom designed technical solutions, individual customer price information, individual customer order schedules, and other customer specific information by subjecting its employees to a confidentiality agreement, requiring employees to password protect all computers, email accounts, and server accounts.

123.    FISBA would experience significant economic harm by release of its customer list because that list would enable a competitor such a Focuslight to direct its efforts to potential customers with which FISBA currently maintains a relationship and target its efforts to meet the individual needs of those customers.

124.    The source and identity of the material used to make FISBA Blue fast axis collimators, FISBA's methods of price setting, costs, customer price agreement, and customer information qualify for trade secret protection under A.R.S. § 44-401 (4) because they derive independent economic value from not being generally known and have been the subject of reasonable efforts to maintain their secrecy.

125.    Stathis used improper means under A.R.S. § 44-401 (1) to access this information when simultaneously employed by FISBA and Focuslight because Stathis misrepresented to each company that it was his sole employer.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

126. Stathis misappropriated this information under A.R.S. § 44-401 (2) because he acquired that information through improper means and used it during his employment with Focuslight when under a duty to FISBA to maintain its secrecy and limit its use.

127. Stathis also misappropriated FISBA's trade secrets under the doctrine of inevitable disclosure because he duplicitously served as a sales representative for both companies, which are direct competitors because they provide the same services and products for customers in the same geographic location.

128. Stathis' misappropriation of FISBA's trade secrets has damaged it in an amount to be determined at trial.

129. Stathis' misappropriation of FISBA's secrets was willful and malicious because he: 1) was under a duty to maintain their secrecy as their employee; 2) was under a duty to maintain their secrets because he had signed a contract to do so; and 3) lied to FISBA in order to deliberately conceal his relationship with Focuslight. A.R.S. 44-404 entitles FISBA to recover reasonable attorneys' fees from Stathis. A.R.S. 44-403(B) entitles FISBA to recovery up to twice the original award in exemplary damages.

**COUNT THREE: Breach of Contract**

130. FISBA repeats and re-alleges each and every allegation of the Complaint as set forth herein.

131. Stathis agreed not to acquire, use, or disclose any of FISBA's confidential or trade secret information as a condition of employment with FISBA.

132. Stathis breached this agreement when he accessed FISBA data and used FISBA data while serving as a sales representative for Focuslight.

133. Stathis' unauthorized use of FISBA's confidential data has damaged it in an amount to be determined at trial.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

134.   FISBA is entitled to attorneys' fees and costs pursuant to A.R.S. §§12-341 and 12-341.01.

## COUNT FOUR: Breach of Contract

135.   Stathis also agreed to devote his full-time efforts to pursing FISBA's sales interest when he accepted employment as a sales manager.

136.   Stathis breached this agreement when he served as a sales representative for Focuslight while still employed as a sales manager by FISBA.

137.   FISBA paid over $78,000 is compensation to Stathis from October 18, 2021 until April 26, 2022, when Stathis was actually working for Focuslight. Stathis caused damages to FISBA in this amount by accepting compensation for work he agreed to do but did not actually perform.

138.   FISBA is entitled to attorneys' fees and costs pursuant to A.R.S. §§12-341 and 12-341.01.

## COUNT FIVE: Breach of the Duty of Good Faith and Fair Dealing

139.   FISBA repeats and re-alleges each and every allegation of the Complaint as set forth herein.

140.   Every contract includes an implied covenant of good faith and fair dealing under Arizona law.

141.   Stathis formed a contract with FISBA when he entered into employment with it.

142.   Stathis sought to deny FISBA the benefit of its bargain when he accessed and used its confidential and trade secret information as a FISBA employee while serving as a Focuslight sales representative.

**Rusing Lopez & Lizardi, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

143.   Stathis sought to deny FISBA the benefit of its bargain when he continued to accept a salary and benefits from FISBA, pretended to be acting on its behalf, but actually was working as a Focuslight sales representative.

144.   Stathis' unauthorized use of FISBA's confidential data has damaged it in an amount to be determined at trial.

145.   FISBA paid over $78,000 is compensation to Stathis from October 18, 2021 until April 26, 2022, when Stathis was actually working for Focuslight. Stathis caused damages to FISBA in this amount by accepting compensation for work he agreed to do but did not actually perform.

146.   FISBA is entitled to attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01.

147.   FISBA is entitled to attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01.

## COUNT SIX: Breach of Duty of Loyalty

148.   FISBA repeats and re-alleges each and every allegation of the Complaint as set forth herein.

149.   Stathis was an employee of FISBA from January of 2019 until April of 2022 and therefore owed it a common law fiduciary duty of loyalty during this period.

150.   Stathis breached this duty of loyalty when he acted as a sales agent for one of FISBA's direct competitors, Focuslight, and diverted sales opportunities to FISBA that rightfully belonged to FISBA.

151.   The diversion of these opportunities from FISBA caused damage to it in an amount to be determined at trial.

**Rusing Lopez & Lizardi, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

## COUNT SEVEN: Preliminary and Permanent Injunctive Relief

152.    FISBA repeats and re-alleges each and every allegation of the Complaint as set forth herein.

153.    From October 18, 2021 until April 26, 2022, although employed as a sales manager by FISBA, Stathis worked as a sales representative for one of its primary competitors, Focuslight. Stathis did not inform either company of his employment by the other.

154.    Stathis continued to access and use FISBA's trade secret and confidential data during this period while serving Focuslight's interests and therefore inevitably disclosed some portion of its trade secret and confidential information.

155.    Regardless of whether he continues in Focuslight's employ or seeks employment elsewhere, Stathis will inevitably continue to use and disclose trade secret and confidential information belonging to FISBA should he continue employment as a sales representative in the optics industry.

156.    Stathis' wrongful conduct, unless enjoined and restrained by order of this court will cause irreparable injury to FISBA by revealing its trade secrets, eroding its customer base, and diversion of its business opportunities.

157.    FISBA has no adequate remedy at law for the disclosure and use of its Trade Secrets because they become unprotectable once disclosed to an entity under no obligation to keep them secret.

158.    FISBA has no adequate remedy at law for erosion of its customer base; the pool of customers in this highly specialized industry is limited and customer loyalty once lost is not easily regained. The monetary value of lost customer goodwill is also impossible to quantify.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

159.   FISBA has no adequate remedy at law for future lost business opportunities because the number and value of these opportunities is impossible to quantify.

160.   Stathis delayed returning FISBA property containing FISBA trade secret confidential information after his employment was terminated. He accessed and relied on that information while working for Focuslight. He remains in possession of his personal electronic devices and drives. He therefore has had motive and opportunity to copy, modify, or delete evidence relevant to the action.

161.   Modification or deletion of relevant evidence will prejudice FISBA in its legal action against Stathis.

162.   FISBA has no adequate remedy at law for lost or modified evidence because its monetary value is impossible to quantity.

163.   The balance of the equities lies with FISBA; Stathis has claim to any of FISBA's trade secret or confidential information and thus no right to keep, use, or disclose it; although Stathis may be briefly inconvenienced by the temporary loss of his electronic devices and drives and temporary injunction of his ability to talk with employers in the optics industry, FISBA will be permanently harmed by any further loss of trade secrets, confidential information, or evidence spoliation.

164.   Public interest will not be disserved by enjoining FISBA's disingenuous former employee from using or disclosing its proprietary information and temporarily enjoining him from speaking to its competitors and customers to prevent it from being irreparably harmed, and temporarily depriving him of electronic drives and devices into order to ensure a just and fair trial.

WHEREFORE, FISBA respectfully requests that the Court enter judgment in its favor and against Stathis as follows:

A.  That the Court immediately order Stathis to preserve all evidence related to this action; Stathis shall not delete, destroy, or otherwise modify evidence in any form, electronic or otherwise;

B.  That the Court immediately order Stathis to refrain from communicating in any manner with Focuslight on any subject other than his employment status or any other competitor of FISBA on any subject whatsoever for thirty days;

C.  That the Court immediately order Stathis to turn over all electronic storage devices, including but not limited to laptop computers, desktop computers, electronic tablets, electronic notebooks, cellular telephones, USB "thumb drives," and external hard drives;

D.  That the Court immediately order Stathis to disclose all personal email and "cloud" accounts to which he has access and disclose login and password information to those accounts;

E.  That the Court enjoin Stathis from directly or indirectly soliciting, calling on, or inducing any person or entity who is as of the date of their separation or was within twelve (12) months immediately prior to such date one of Plaintiff's clients or prospective clients for twelve (12) months from the date his employment with FISBA terminated;

F.  That the Court immediately order Stathis to return to FISBA, and retain no copies of, confidential or trade secret information belonging to FISBA, including, without limitation, FISBA's database of customer and prospect information, and information concerning past, pending, and future transactions;

G.  That the Court permanently enjoin Stathis from further appropriation, use, or disclosure of FISBA's trade secrets and confidential information;

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

H.  Damages in an amount to be proven at trial, including, but not limited to, compensatory, incidental, and consequential damages;

I.  An award of costs and reasonable attorneys' fees pursuant to A.R.S. §§ 341, 341.01; and

J.  Such other and further relief as this Court deems just and proper.

DATED this May 13, 2022.

RUSING LOPEZ & LIZARDI, P.L.L.C.

/s/ Paige E. Scalf

Mark D. Lammers
Alexander P. Valentine
Paige E. Scalf
*Attorneys for Plaintiff, FISBA, L.L.C.*

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

## **VERIFICATION**

1.     I, Wallace Latimer, am President of the Plaintiff in the above-captioned matter.

2.     I have read the foregoing Verified Complaint, and I verify that the matters and things stated therein are true to the best of knowledge, except as to those statements made upon information and belief, and as to those, I believe them to be true.

3.     I declare under penalty of perjury that the above information is true and correct.

DATED this _13_ day of May 2022.

By: _____

As its: _President_____

Tucson, Arizona 85718
Telephone: (520) 792-4800

Complaint_5_12_22.DOCX

26