**RUSING LOPEZ & LIZARDI, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800
Facsimile: (520)529-4262
mdlammers@rllaz.com
avalentine@rllaz.com
pscalf@rllaz.com

Mark D. Lammers
State Bar No. 010335; PAN 50020
Alexander P. Valentine
State Bar No. 034902; PAN 67367
Paige E. Scalf
State Bar No. 036959; PAN 67354
*Attorneys for Plaintiff, FISBA, L.L.C.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| FISBA, L.L.C.<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>JIM STATHIS,<br><br>　　　　　　　Defendant. | NO.<br><br>**FISBA, LLC'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION TO EXPEDITE DISCOVERY**<br><br>(Assigned to Hon.　　　　　　　) |

　　　Pursuant to Fed. R. Civ. P. 26(c), 30(a), 33(a), 34, 36, and 65, Plaintiff FISBA, LLC ("FISBA") through undersigned counsel, hereby respectfully asks this Court to issue a temporary restraining order against the defendant and order requiring expedited discovery. A Memorandum of Points and Authorities Supports this application.

The restraining order shall require the Defendant to:

　　　1.　　Immediately surrender all electronic storage devices, including but not limited to laptop computers, desktop computers, electronic tablets, electronic notebooks, cellular

telephones, USB "thumb drives," and external hard drives, to Peak Forensics in Scottsdale Arizona.

2. Immediately disclose all emails accounts and "cloud based" storage accounts to which he has access and their password and login information to Peak Forensics in Scottsdale.

3. Preserve all evidence related to this action. Defendant shall not delete, destroy, or otherwise modify evidence in any form, electronic or otherwise.

4. Immediately return to FISBA, and retain no copies of, confidential or trade secret information belonging to FISBA, including, without limitation, FISBA's database of customer and prospect information, and information concerning past, pending, and future transactions.

The restraining order shall enjoin the Defendant from:

5. Communicating in any manner with Focuslight on any subject other than his employment status or any other competitor of FISBA on any subject whatsoever for a period of thirty days, to be extended from the date of the signed order.

6. From directly or indirectly soliciting, calling-on, or inducing any person or entity who is as of the date of their separation or was within twelve months immediately prior to such date one of Plaintiff's clients or prospective clients for a period of twelve months, to be extended from the date of the signed order.

7. Directly or indirectly disclosing or using confidential or trade secret information belonging to FISBA, including, without limitation, FISBA's technical trade secrets, cost and pricing information and database of customer and prospect information, and information concerning past, pending and future transactions.

**Rusing Lopez & Lizardi, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

This Application is supported by the separately submitted Verified Complaint with its supporting exhibits, the Memorandum of Points and Authorities with its supporting exhibits, and further evidence and argument as may be presented at the time of the hearing on this Application.

**I. Request for Temporary Restraining Order.**

The relief FISBA requests is necessary because Defendant, in breach of his contractual and statutory obligations, and in violation of FISBA's rights, likely has and is unlawfully misappropriating, sharing, and using FISBA's confidential and trade secret information, all for the benefit of FISBA's direct competitor, Focuslight. Without the requested relief, FISBA will suffer irreparable harm because it will lose the benefit of its substantial investment and be unable effectively and fairly to compete in its industry and maintain its long-standing customer relationships. A proposed form of Order is attached hereto as Exhibit A.

**II. Request for Expedited Discovery.**

FISBA also requests that the Court order discovery to proceed on an expedited basis. To provide this Court with evidence to support the issuance of a Temporary Restraining Order and Injunction to prohibit Defendant's continued breach of his contractual, statutory and common-law obligations with FISBA, FISBA requests that, pursuant to Fed. R. Civ. P. 30(a), 33(a), 34, 36, and 45, the Court enter an order permitting certain discovery to be conducted immediately in this action pursuant to the following schedule, without awaiting expiration of thirty (30) days from the date and service of the Summons and Complaint:

a. The parties shall respond to Requests for Production of Documents within five (5) business days after they are hand-delivered or electronically served;

b. The parties shall respond to Interrogatories within five (5) business days after they are hand-delivered or electronically served;

  c. The parties shall respond to Requests for Admissions within five (5) business days after they are hand-delivered or electronically served;

  d. Depositions of parties, including those requiring the production of documents at the deposition, may be scheduled on or after **June 11, 2022**, upon five (5) business days' notice made by hand-delivery or electronic service, for a total of five (5) depositions per side; and

  e. Inspections, including those conducted by an electronic data expert of FISBA of Defendant's devices, e-mail addresses, and workspace upon three (3) days' notice, to access, inspect, and electronically copy all computer software and all data stored on any computer system or computer storage medium and retrieve the proprietary information of FISBA that was misappropriated by Defendant and obtain other evidence.

  Expedited discovery is necessary because FISBA must immediately discover the true extent of Defendant's improper misappropriation, use, and disclosure of its confidential and trade secret information, in addition to his improper interference with FISBA's clients and employees. Defendant has, over the course of the last seven months, been employed simultaneously by FISBA and FISBA's direct competitor, Focuslight. During this time, Defendant had broad access to FISBA's database and highly confidential trade secrets including documents related to client preferences, research, and market analysis.

  The harm to FISBA by Defendant is occurring in real time and, as a result, these matters must be resolved expeditiously and will not permit the ordinary periods to run before conducting discovery. Courts have not hesitated to order accelerated discovery in circumstances similar to those here. *See Ellsworth Assoc., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996) ("expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings"); *Edudata Corp. v. Scientific Computers, Inc.,* 599 F. Supp. 1084, 1088 (D. Minn. 1984) (ordering expedited discovery where it would "better enable the court to judge the parties' interests and

4

respective chances for success on the merits" at a preliminary injunction hearing); *Fimab-Finanziaria Maglificio Biellese Fratelli Fila S.p.A. v. Kitchen*, 548 F. Supp. 248, 250 (S.D. Fla. 1982) (ordering deposition of defendants seven days after service of summons and complaint). A proposed Expedited Discovery Order is attached hereto as Exhibit B.

### III. Notice to Defendant

FISBA sent a cease and desist letter to Defendant on May 3rd, 2022. Compl. ¶ . FISBA cannot provide more notice because Defendant has already shown himself to be duplicitous and refractory with respect to reasonable demands. Defendant covertly maintained employment simultaneously with FISBA and one of its primary competitors for over six months. Compl. ¶ 77. Defendant blatantly lied to FISBA about the reasons he could not attend an in-person meeting in Tucson – although Defendant stated that his wife was having medical procedure in Minneapolis, Defendant was in fact representing a FISBA competitor at an international trade show in Munich, Germany. Compl. ¶¶ 53-55. Defendant attempted to access protected FISBA information while actively serving the competitor in Munich. Compl. ¶ 57. Defendant showed himself to be unable to comply with basic and reasonable instructions when he delayed for eleven hours before depositing FISBA property with a courier and failed to send a number tracking it within an eighteen-hour window, instead requiring more than twenty hours to comply – possibly because he was copying or deleting information from that property. Compl. ¶¶ 66-72. FISBA has good cause to mistrust Defendant and believe that given notice, Defendant will share or destroy more information than he has already done.

### IV. Conclusion

For the foregoing reasons, FISBA respectfully requests that this Court enter the attached Temporary Restraining Order and Accelerated Discovery Orders in the forms submitted to the Court this same date.

DATED this 13th day of May 2022.

**RUSING LOPEZ & LIZARDI, P.L.L.C.**

/s/ *Paige E. Scalf*
Mark D. Lammers
Alexander P. Valentine
Paige E. Scalf
*Attorneys for Plaintiff, FISBA, L.L.C.*

**Rusing Lopez & Lizardi, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800